**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JAMES CARTER**, | : | Case No. 4:11 CV 1100 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| **J. T. SHARTLE, WARDEN**, | : | |
| Respondent. | : | |

### I. INTRODUCTION

*Pro se* Petitioner filed this Petition for Writ of Habeas Corpus Pursuant to 28 U. S. C. § 2241, in the United States District Court for the Western District of Pennsylvania. The case was transferred to the United States District Court for the Northern District of Ohio where Petitioner was confined at the time he filed the Petition. In this Court, the case was referred to the undersigned Magistrate Judge for Report and Recommendation in accordance with the Magistrate's Act, 28 U. S. C. § 636(b)(1) and LOCAL RULES FOR THE NORTHERN DISTRICT OF OHIO 72.2. Petitioner challenges the calculation of his sentence by the Bureau of Prisons (BOP) (Docket No. 4). Pending is Respondent's unopposed Motion to Dismiss (Docket No. 25). For the reasons that follow, the Magistrate recommends that the Court grant the Motion to Dismiss.

## II. JURISDICTION UNDER 28 U. S. C. § 2241.

A petitioner seeking to challenge the execution of his or her sentence or the manner in which it is served, may file a petition pursuant to Section 2241 in the district court having jurisdiction over his or her custodian. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 493 (2001). As a general rule, the custodian is the individual having day-to-day control over the facility in which the habeas petitioner is being detained. *Roman v. Ashcroft*, 340 F. 3d 314, 319 (6th Cir. 2003). The writ shall not extend to a prisoner unless he or she is in custody for an act done pursuant to a judgment or decree of a court or judge of the United States. *Thanthavongsa v. Lappin,* 2011 WL 7096608, *1 (N.D.Ohio, 2011) a*dopted by Thanthavongsa v. Lappin*, 2012 WL 243258 (N.D.Ohio,2012) (*citing* 28 U.S.C. § 2241(c)(2)).

Here, Petitioner's sentence is properly challenged in a collateral proceeding under 28 U. S. C. § 2241 in this district court where Respondent, warden of the Federal Correctional Institution, Elkton, is responsible for the day-to-day control over Petitioner[1]. The Petition is actionable under Section 2241 because Petitioner is in custody and he challenges the computation of the sentence rather than the imposition of the sentence itself.

## II. FACTUAL BACKGROUND.

This compilation of uncontroverted and relevant facts is derived from five sources:

(1) The underlying criminal case, *United States v. Carter*, Case No. 1:02 CR 0011, in the United States District Court for the Western District of Pennsylvania.
(2) The habeas case filed in this Court, *Carter v. Shartle,* Case No. 4:08 CV 2687; (Docket No. 1).
(3) The motion to reduce sentence reported in *United States v. Carter,* 2011 WL

---

[1] A copy of the marginal entry granting Respondent an extension of time to file an answer by May 17, 2012, was mailed to Petitioner in Garden Grove, California. This mail was not deliverable. The marginal entry was re-mailed to Petitioner at FCI Elkton on May 16, 2012. The Motion to Dismiss was served upon Petitioner at Elkton by Respondent's counsel on May 17, 2012.

        2160943, *1 (W. D. Pa. 2011) (unpublished).
- (4) This Petition for Habeas Corpus filed pursuant to 28 U. S. C. § 2241 (Docket No. 4).
- (5) Declaration of Dennis Melick, a BOP employee in the capacity of Management Analyst at the Designation and Sentence Computation Center, filed in this proceeding (Docket No. 25, Attachment 2).

On May 4, 1994, Petitioner was sentenced to a term of four to eight years' imprisonment by the Court of Common Pleas, Erie County, Pennsylvania (Docket No. 4, ¶ 7). Prior to the expiration of Petitioner's state sentence on January 16, 2003, Petitioner was named in a one count indictment filed in the United States District Court for the Western District of Pennsylvania. *United States v. Carter,* 2011 WL 2160943, at *1. When the warrant was served, Petitioner was still in the custody of the Commonwealth of Pennsylvania. *Id.* On October 15, 2002, Petitioner pleaded guilty to an indictment in federal court that charged him with one count of distributing less than five grams of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.* `On February 3, 2003, Judge Cohill sentenced Petitioner to a total term of imprisonment of 151 months. *Id.*

Petitioner appealed his sentence to the Third Circuit seeking modification of his prison term. *United States v. Carter*, 80 Fed. Appx. 253 (3rd Cir. 2003) (unreported). The Court of Appeals denied his request on November 5, 2003 and Petitioner's petition for writ of *certiorari* in the United States Supreme Court was denied on October 4, 2004. *Carter v. United States,* 125 S. Ct. 99 (2004).

On November 12, 2008, during his confinement at the Federal Correctional Institution Elkton, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241 in this Court asserting a claim for recalculation of sentence of imprisonment. *Carter v. United States*, Case No. 4:08 CV 2687, Docket No. 1). United States District Court Judge Jack Zouhary, *sua sponte*, dismissed the case, without prejudice, for the reasons that: (1) while Petitioner claimed he

exhausted his administrative remedies, Petitioner did not disclose a single fact which indicated why or whether Respondent actually refused to grant his requested relief; (2) Petitioner did not state whether the credit he was requesting was already awarded to another sentence or on what date his sentence commenced for the probation violation; and (3) Petitioner was not able to receive credit for the same period of time on more than one sentence under 18 U. S. C. § 3585(b). *Id.* at Docket No. 4.

On March 24, 2009, Petitioner filed a petition for writ of habeas corpus to the United States District Court for the Western District of Pennsylvania.[2] *Carter v. Shartle*, Case No. 4:11 CV 01100, Docket No. 4). Alleging two grounds for which he was entitled to relief, Petitioner claimed that he exhausted all remedies provided by the BOP's Administrative Remedy Process and he was entitled to credit for all the time spent in the custody of the Commonwealth of Pennsylvania after the imposition of his federal sentence against his federal term of commitment since he was within the jurisdiction of the federal authorities when his state sentence expired on January 16, 2003. *Id.* Judge Cohill ordered the transfer of the case to the United States District Court for the Northern District of Ohio. *Id.* at Docket No. 15. Respondent seeks an order dismissing this case because even if the BOP improperly computed Petitioner's federal sentence, he was subsequently given credit for time served against his federal sentence. *Id.* at Docket No. 25.

### IV. STANDARD OF REVIEW.

Respondent's claims are grounded on averments that Petitioner failed to state a claim for which relief can be granted. The Magistrate reviews this case under FED. R. CIV. P. 12(b)(6).

---

[2] Pending in the United States District Court for the Western District of Pennsylvania, is a motion to correct sentence under 18 U. S. C. §3582(c)(2).

FED. R. CIV. P. 12(b)(6) permits a district court's dismissal of a plaintiff's complaint for failure to state a claim. *Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir. 2006) (*citing Marks v. Newcourt Credit Group, Incorporated*, 342 F.3d 444, 451 (6th Cir.2003)). Rule 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. *Id.* (*citing Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Id.* (*citing Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Bell Atlantic*, 127 S.Ct. at 1965). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (*citing Bell Atlantic*, 127 S.Ct. 1966 (brackets omitted)).

### V. ANALYSIS.

Petitioner in his earlier petition requested that this Court give him credit for time spent

5

incarcerated in state court while awaiting commencement of his federal sentence. Judge Zouhary was unable to conduct such review from the incomplete record. Dissatisfied with this Court's decision, Petitioner returned to the place of his conviction, the Western District of Pennsylvania, and filed a Petition for Writ of Habeas Corpus there. Subsequently, the Pennsylvania court transferred the case back to this Court.

**A.     THE ISSUE.**

There is one issue before this Court: Whether Petitioner can receive credit for the time served from January 16, 2003 and December 29, 2004 against his federal sentence?

**B**.     **THE LAW.**

Calculation of a term of imprisonment is subject to 18 U. S. C. § 3585(a), (b) which states:

> (a)     Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)     Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1)     as a result of the offense for which the sentence was imposed; or
>> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

**C.     THE AUDIT.**

Mr. Melick, BOP's Designation and Sentence Computation Center analyst, conducted an audit of Petitioner's claims in accordance with BOP Program Statement 5880.28 of the SENTENCE COMPUTATION MANUAL. He prepared a declaration of his findings from the audit which can be viewed in its entirety in Attachment 2 of Docket No. 25. Notably he found:

1. Petitioner received credit for his federal sentence after the date of release from the state probation violation term on December 30, 2004 to present.  Petitioner's projected date of release is December 15, 2015, assuming he earns all good credit time.

2. The State of Pennsylvania did find that Petitioner violated his original state parole term and the conditions of his probation, for which he received an additional state sentence of two years.  Petitioner did not complete service of all his state terms until December 30, 2006.  The state awarded him credit for all time spent in their custody.  At the time the federal sentence was imposed, Petitioner was on a writ from state custody.  After completion of the writ, Petitioner was appropriately returned to state authorities.  The federal sentence was calculated as beginning on December 30, 2004, the date Petitioner began serving his state probation violation, but after he was released from the state probation violation term, as ordered by the sentencing federal court.  Petitioner's federal sentence was ordered to run consecutive to his state probation violation term, and the court exercised its authority to do so.

3. Under the holding of *Barden v. Koehane,* 921 F. 2d 476 (3rd Cir. 1991), the BOP is authorized to consider a federal inmate's request to designate a state prison as a place of confinement for purposes of determining whether the prisoner is appropriate for a retroactive designation of a state institution for service of his/her federal sentence.  A retroactive designation will commence the federal sentence on or after the date of imposition, even if the inmate was in primary state custody at the time the federal sentence was imposed.  Such designations are commonly referred to as *nunc pro tunc* designations.  The result of a retroactive designation is the concurrent running of an inmate's federal sentence with his non-federal sentence.

4. After petitioning the sentencing court twice, Petitioner received an additional credit from December 30, 3004 through December 30, 2006.  Petitioner cannot receive credit for the time period between January 16, 2003 through December 29, 2004 because 18 U. S. C. § 3585(b) precludes the award, as it is time credited to his state sentences.  Further the 151-month sentence imposed in the Western District of Pennsylvania was ordered to run consecutive to his state probation violation term, which was completed on December 29, 2004.  Petitioner received a *nunc pro tunc* designation for the time period between December 30, 2004 through December 30, 2006. Petitioner is not entitled to additional credit toward the service of his federal sentence.

D. **THE APPLICATION OF THE LAW TO THE FACTS IN THIS CASE.**

Under federal law, Petitioner had a statutory right to credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commenced.

7

Therefore, Petitioner's well-pled Petition in which he concluded that there was a legitimate ground for giving him credit for time served from January 16, 2003 through December 29, 2004 as against his federal sentence, was facially plausible. However, the resolution of Petitioner's argument in his favor became highly improbable once the BOP presented evidence in the form of a declaration that Petitioner had already received credit for the same time period against his state sentence. The BOP exercised its statutory discretion under 18 U. S. C. §3585(b) to deny credit for time served between January 16, 2003 and December 29, 2004 as against his federal sentence, simply because there is a statutory prohibition against using the same credit against another sentence. Acknowledging that it erred in calculating the sentence, the BOP supplemented its analysis with a *nunc pro tunc* designation in which Petitioner was given credit against his federal sentence to the extent permissible. This Court is not required to accept as true Petitioner's legal conclusions or unwarranted factual inferences which fail to refute Respondent's detailed arguments or conclusions that Petitioner was appropriately denied credit for time served from January 16, 2003 through December 29, 2004 as against his federal sentence and given credit for the time served between December 30, 2004 through December 30, 2006.

In keeping with the principles of *Ashcroft*, the Magistrate finds that although Petitioner's well-pleaded factual allegations are entitled to the assumption of truth, it appears beyond doubt that Petitioner is not entitled to receive credit already awarded to another sentence. Petitioner clearly failed to state a claim which entitles him to the relief requested.

## VI. CONCLUSION

For these reasons, the Magistrate recommends that the Court grant the Motion to Dismiss and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: October 15, 2012

**VII. NOTICE**

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.